UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| KAREN R. HESTER and JERRY HESTER,<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED HEALTHCARE INSURANCE COMPANY and MEMORIAL HEALTH CARE SYSTEM, INC.,<br><br>*Defendants*. | Case No. 1:08-cv-105<br><br>Judge Mattice |

## **MEMORANDUM AND ORDER**

Before the Court is Defendant Memorial Health Care System, Inc.'s ("Memorial") Motion to Dismiss for Failure to State a Claim or, Alternatively, for Judgment on the Pleadings [Court Doc. 26]. Because Memorial has previously filed an Answer in this case [Court Doc. 13], its motion is untimely under Rule 12(b)(6). Fed. R. Civ. P. 12(b) (2008) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed.") The Court will therefore evaluate the instant motion as one for judgment on the pleadings pursuant to Rule 12(c).

**I.      EVIDENCE FILED IN SUPPORT OF PLAINTIFF'S RESPONSE**

The Court notes that Plaintiffs have submitted medical records as an exhibit to their response to the instant motion. (Court Doc. 28-2.) When one or both parties present matters outside the pleadings in conjunction with a Rule 12(c) motion, the Court may, at its discretion, either consider these matters and convert the motion to one for summary judgment or exclude the extra-pleading materials and apply the standard set forth in Rule 12(c). *See Max Arnold & Sons, LLC v. W.L. Hailey & Co., Inc.*, 452 F.3d 494, 503 (6th Cir.

2006).

In the instant case, the Court will exclude the extra-pleading matters and treat the instant motion as one under Rule 12(c). Given the current status of the litigation, converting Defendant Memorial's Rule 12(c) motion into a motion for summary judgment would be premature. Little or no discovery has taken place so as to allow the parties to argue, and the Court to determine, whether a genuine issue of material fact exists. Accordingly, the Court **EXCLUDES** all extra-pleading evidence offered in conjunction with Plaintiffs' response to the instant motion, and will treat the motion as being made pursuant to Rule 12(c).

## II. STANDARD

The standard of review applicable to a motion for "judgment on the pleadings" pursuant to Federal Rule of Civil Procedure 12(c) is the same as the standard of review applicable under Rule 12(b)(6). *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JP Morgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007). "A motion brought pursuant to Rule 12(c) is appropriately granted 'when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law.'" *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008).

The United States Court of Appeals for the Sixth Circuit has recently explained the pleading requirements necessary to survive a Rule 12(c) motion:

> In *Bell Atlantic Corp. v. Twombly*, 550 U.S. ----, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.... Factual allegations must be enough to raise a right to relief above the speculative level...." Id. at 1964-65 (internal citations omitted). In *Erickson v. Pardus*, 550 U.S. ----, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007), decided two weeks after Twombly, however, the Supreme Court affirmed that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Id*. at 2200 (quoting *Twombly*, 127 S.Ct. at 1964). The opinion in *Erickson* reiterated that "when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Id*. (citing *Twombly*, 127 S.Ct. at 1965). We read the *Twombly* and *Erickson* decisions in conjunction with one another when reviewing a district court's decision to grant a motion to dismiss for failure to state a claim or a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12.

*Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 2391, 295 (6th Cir. 2008).

## III.  FACTS

The facts, taken in the light most favorable to the Plaintiffs, were previously set out by the Court in its October 9, 2008 Memorandum and Order as follows:

> Plaintiff Karen Hester was an employee of T-Mobile and was covered under T-Mobile's health insurance plan. (Complaint, Court Doc. 1-2, ¶ 4.)  T-Mobile's health insurance plan was underwritten and administered by Defendant United Healthcare Insurance Company ("United"). (*Id.*) Plaintiff Jerry Hester is Karen Hester's husband.
>
> On April 1, 2007, Karen Hester went to Defendant Memorial Health Care System, Inc.'s ("Memorial") North Park Hospital emergency room complaining of an extreme headache.  She was treated for bowel pain and released.  (*Id*. ¶ 5.)

-3-

> On May 16, 2007, while at work, Karen Hester got a bad headache and experienced a loss of vision that increasingly worsened. (*Id*. ¶ 6.) On May 17, 2007, she went to see her physician, Dr. Michael Osborn. Dr. Osborn's office called United to get certification for an MRI. United stated that an MRI required pre-certification and denied such pre-certification. (*Id*. ¶ 7.) Karen Hester's MRI was cancelled. (*Id.* ¶ 8.)
>
> On May 21, 2007, Karen Hester's symptoms worsened and she went back to Memorial's North Park emergency room. Her legs were completely numb and the nurses had to lift her out of the car upon her arrival at the hospital. She had an extreme headache and vision problems but no stroke medication was given. (*Id.* ¶ 9.)
>
> On May 22, 2007, Karen Hester again tried to get an MRI but coverage was denied by United. (*Id*. ¶ 10.) On May 29, 2007, she saw Dr. Cornelius Mance, a neurologist, who again tried to get approval from United for an MRI. Once again, United denied coverage for an MRI. (*Id*. ¶ 11.)
>
> On May 31, 2007, Karen Hester's condition worsened to the point that she was having trouble walking and began dragging her left leg. Dr. Mance ordered an emergency MRI and had her wheeled into the hospital. An MRI was performed only after Karen Hester signed a form acknowledging that she would personally pay for it. (*Id*. ¶ 12.) The MRI showed that she had emboli and had incurred over one hundred ischemic strokes. (*Id*. ¶ 13.) United later decided to pay for her MRI and sent Karen Hester a letter stating that x-rays, such as MRIs, do not require pre-certification. (*Id*. ¶ 14.)

(Court Doc. 29 at 2-3.)

## IV. ANALYSIS

Memorial asks the Court to dismiss any purported claim for vicarious liability based on the alleged negligent acts or omissions of a physician. (Court Doc. 27 at 1.)

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must "give the defendant fair notice of what the claim is and the grounds upon

-4-

which it rests." *Bell Atlantic v. Twombley*, 127 S.Ct. 1955, 1964 (2007). "To state a valid claim, a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Commercial Money Center, Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336-337 (6th Cir. 2007).

"It is well settled that hospitals are liable for the negligent acts of their agents and employees even though they are selected with due care." *Edmonds v. Chamberlain Memorial Hosp.*, 629 S.W.2d 28, 30 (Tenn. Ct. App. 1982). Generally, a hospital is not liable for the actions of its physicians if those physicians are determined to be independent contractors. *Boren v. Weeks*, 251 S.W.3d 426, 432 (Tenn. 2008). A hospital may be liable for the negligence of a physician, however, if that physician is an actual or apparent agent of the hospital. *Edmonds*, 629 S.W.2d at 30; *see also Thomas v. Oldfield*, 2008 WL 2278512, *3-5 (Tenn. Ct. App. June 2, 2008) (evaluating a hospital's liability for physician's actions under both actual and apparent agency theories).

Memorial claims that the physicians at its hospital are independent contractors and that nurses are Memorial's only agents or employees in this suit. (Court Doc. 27 at 1-2.) Memorial has stated in its Answer that it "is not legally responsible for the medical decisions of the emergency medicine physicians, because they are independent contractors." (Court Doc. 13 at 2.)

Regardless of the statements made in Memorials' Answer, however, the Court must take as true, for purposes of ruling on the instant motion, all of the allegations in Plaintiffs' Complaint. Plaintiffs' Complaint states that Karen Hester was treated by in the Memorial North Park "emergency department" and that no stroke medication was given to her by "Memorial North Park emergency personnel." (Complaint ¶¶ 5, 9.) The Court must,

therefore, determine whether these allegations state a claim for vicarious liability based on the actions of a physician.

In Tennessee, hospitals are specifically precluded from directly employing emergency physicians. Tenn. Code Ann. § 68-11-205(b)(6) ("No . . . emergency physician may be employed by a hospital or an affiliate of a hospital.") Doctors employed by a hospital for other purposes, however, may treat patients on an emergency basis. *Id*. ("provided, that a physician may be employed to provide emergency medical services if the physician is employed to provide other medical services"). It is therefore legally possible to be treated in an emergency setting by a physician employed by a hospital. The "emergency personnel" that treated Karen Hester at Memorial's North Park Hospital could reasonably have included a physician employed by Memorial.

Moreover, the Court cannot say at this stage of the proceedings that Memorial did not vest one of the physicians that treated Karen Hester with apparent authority to act on its behalf. Whether a physician working in the emergency room qualifies as an apparent agent of the hospital is a fact-intensive inquiry that must be determined by the "specific circumstances of a particular case." *White v. Revco Discount Drug Ctrs., Inc.*, 33 S.W.3d 713, 723 (Tenn. 2000). In order to prevail on a claim of vicarious liability against a hospital, a plaintiff must show: (1) that the hospital held itself out to the public as providing medical services; (2) that the plaintiff looked to the hospital rather than the physician to perform those services; and (3) that the patient held a reasonable belief that the medical services were provided by the hospital or a hospital employee. *Boren v. Weeks*, 251 S.W.3d 426, 436 (Tenn. 2008). Because apparent agency is such a fact-intensive inquiry, the Court cannot say, as a matter of law, that Karen Hester was not treated by an apparent agent of

Memorial.

"[A] vicarious liability claim does not require the plaintiff to name as parties the agents or employees of the entity sought to be held liable." *Knight v. Hosp. Corp. of America*, 1997 WL 5161, *3 (Tenn. Ct. App. Jan. 8, 1997); *see also Johnson v. LeBonheur Children's Medical Ctr.*, 74 S.W.3d 338, 346 (Tenn. 2002) (hospital can be held vicariously liable for negligence of residents even though residents are personally immune from liability).

At this stage in the proceedings, the Court must take as true the allegation that Karen Hester was treated by Memorial's "emergency personnel." Such "emergency personnel" could have included a physician that was either an actual or apparent agent of Memorial. A plaintiff is not required to plead specific facts, he must only "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Twombly*, 127 S.Ct. at 1964. Plaintiffs' Complaint meets this low standard. Accordingly, there is an issue of fact with regard to whether Karen Hester was treated by an actual or apparent agent of Memorial and, at least at this stage in these proceedings, Memorial is not entitled to judgment on the pleadings for Plaintiffs' claim of vicarious liability.

## V.    CONCLUSION

For the reasons explained above, Defendant Memorial Health Care System, Inc.'s Motion to Dismiss for Failure to State a Claim or, Alternatively, for Judgment on the Pleadings [Court Doc. 26] is **DENIED**.

SO ORDERED this 16th day of January, 2009.

/s/Harry S. Mattice, Jr.
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE

-7-

Case 1:08-cv-00105-SKL   Document 36   Filed 01/16/09   Page 7 of 7   PageID #: 255